Kyle J. Scott, Bar No. 155434
LAW OFFICES OF KYLE J. SCOTT, PLC
4590 MacArthur Boulevard, Suite 220
Newport Beach, California 92660
Telephone: (949) 757-0957
Facsimile: (949) 757-0958
kyle@kjslaw.com

Attorneys for Plaintiff and
Cross-Defendant SUONG N. DANG

Sergio Bent, Bar No. 180662
Jesse M. Caryl, Bar No. 208687
Steven M. Kroll, Bar No. 216196
BENT CARYL & KROLL, LLP
6300 Wilshire Boulevard, Suite 1415
Los Angeles, California  90048
Telephone:   (323) 315-0510
Facsimile:    (323) 774-6021
sbent@bcklegal.com
jcaryl@bcklegal.com
skroll@bkclegal.com

Attorneys for Defendant and
Cross-Complainant SMG

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| SUONG N. DANG,<br><br>              Plaintiff,<br><br>      v.<br><br>SMG, ONTARIO CONVENTION CENTER, CITY OF ONTARIO, DOES 1 to 20,<br><br>              Defendants.<br>_____<br><br>AND RELATED CROSS-ACTION. | CASE NO. EDCV 13-01744-FMO(SPx)<br><br>**JOINT STIPULATION FOR PROTECTIVE ORDER AND ORDER**<br><br>[NOTE CHANGES MADE BY COURT IN PARAGRAPHS 3.1.d and 3.2.a] |

Pursuant to Fed. R. Civ. P. 26(c) and subject to the approval of the Court, the parties herein stipulate and agree, through their respective counsel, to the entry of a protective order governing the disclosure and handling of various commercial, personal, or other confidential information, and documents containing any such information, as follows:

**IT IS HEREBY STIPULATED THAT:**

1.    **INITIAL DESIGNATION.**

1.1    **Confidential Information.** In connection with discovery in this action, the parties may designate materials, including electronic files, documents, things, testimony, as "CONFIDENTIAL" under the terms of this Protective Order ("Order"). Confidential information is information that has not been made public and which concerns or relates to the identification of clients, operations, finance, accounting, sales, purchases, income, profits, losses, expenditures, policies, procedures, and practices of defendant and cross-complainant SMG or any related entity, the personal employment, financial, and medical information of plaintiff and cross-defendant Suong N. Dang and any other individual, and, to the extent not already encompassed in the preceding definition, trade secrets as defined in California Civil Code § 3426.1. By designating a document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL" under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rules of Civil Procedure 26(g). Material designated as "CONFIDENTIAL" under the Order, the information contained therein, and any documents derived in whole or in part from material designated as "CONFIDENTIAL" shall only be used for the prosecution, defense or settlement of this action, and for no other purpose.

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

**1.2    Produced Documents.**  A party producing documents that it believes constitute or contain CONFIDENTIAL information shall produce copies bearing a label designating such material "CONFIDENTIAL." As used herein, the term "documents" includes all writings or other media on which information is recorded and other tangible things subject to production under the Federal Rules of Civil Procedure.

**1.3    Interrogatory Answers.** If a party answering an interrogatory believes in good faith under the criteria set forth in Paragraph 1.1 above that its answer contains CONFIDENTIAL information, it shall set forth its answer in a separate document that is produced and designated as CONFIDENTIAL in the same manner as a produced document under subparagraph 1.2. The answers to interrogatories should make reference to the separately produced document containing the answer, but such document should not be attached to the interrogatories.

**1.4    Inspections of Documents.** In the event a party elects to produce files and records for inspection and the requesting party elects to inspect them, no designation of CONFIDENTIAL information need be made in advance of the inspection. For purposes of such inspection, all materials produced shall be considered as CONFIDENTIAL information. If the inspecting party selects specified documents to be copied, the producing party shall designate CONFIDENTIAL information in accordance with subparagraph 1.2 at the time the copies are produced.

**1.5    Deposition Transcripts.** Portions of testimony taken at a deposition or conference and any corresponding exhibits may be designated as CONFIDENTIAL by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter transcribing such proceeding to separately bind such portions of the transcript containing information designated as CONFIDENTIAL and label such portions appropriately.

**1.6    Multi-page Documents.** A party may designate all pages of an integrated, multi-page document, including a deposition transcript, interrogatory answers and responses to document requests, as CONFIDENTIAL by placing the label specified in subparagraph 1.1 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multi-page document as CONFIDENTIAL, it should designate such portions immediately below the label on the first page of the document and place the label specified in subparagraph 1.1 on each page of the document containing CONFIDENTIAL information.

**1.7    List.** Within fourteen days after producing or designating CONFIDENTIAL information, the producing or designating party shall provide a log identifying all such designated material. The log shall identify the documents or other material either by Bates stamp number(s) or by a description sufficiently detailed to make the document or material the basis for the claimed CONFIDENTIAL designation. The log shall state with specificity all the asserted basis which support the need to identify designated materials as CONFIDENTIAL.

**1.8    Later Designations.** A party may also designate information disclosed at a deposition as CONFIDENTIAL by notifying all parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines designated as such. Each party shall attach a copy of such written statement to the face of each transcript in its possession, custody or control. For seven (7) days after receipt of the transcript, depositions shall be treated as CONFIDENTIAL, but after that period any portions not designated as CONFIDENTIAL may be disclosed.

**1.9    Disputing a Designation.** If at any time during this litigation a party disputes the designation of CONFIDENTIAL, the objecting party will notify the designating party in writing of such dispute. The notice will identify the material in dispute and explain the basis for the objection. The designating party will have ten (10) days to provide a written response to the notice, explaining its reason for

- 4 -

designating the material at issue as CONFIDENTIAL.  Should the objecting party dispute such reasons, it will so notify the designating party, and the objecting party will have twenty (20) days from the date of such notice to seek appropriate relief from the Court and any motion challenging a confidential designation.  Throughout the dispute resolution procedure in this paragraph, the designating party will have the burden of demonstrating that the material at issue is properly designated as confidential.  In the event of a dispute over the confidentiality of particular material, the parties will continue to treat the disputed discovery material as confidential until the dispute is resolved.

   **2.     DESIGNATIONS BY ANOTHER PARTY.** For seven (7) days after receipt of documents from a third party, the documents shall be treated as CONFIDENTIAL, but after that period any portions not designated as CONFIDENTIAL may be disclosed. If a third party produces documents that any party reasonably believes should be protected under this Order, within seven (7) days of the production said party to this action shall advise all counsel of its designation of such documents as CONFIDENTIAL and shall affix the corresponding stamp on such documents. The third party shall be served with a copy of this Order with the Subpoena and such third party itself may designate documents or testimony as "CONFIDENTIAL" as provided herein. All parties shall cooperate to effectuate affixing the necessary stamp.

   **3.     HANDLING PRIOR TO TRIAL.**

   **3.1     Authorized Disclosures.** Discovery Material designated as "CONFIDENTIAL" or information derived therefrom may be disclosed, shown, or made available, or communicated in any way only to the following persons:

   a.     The parties and employees of the parties, but only to the extent necessary to participate in, assist in and monitor the progress of this action and for no other purpose;

b.      Qualified persons taking testimony involving Designated Material, and necessary stenographic, videographic, and clerical personnel thereof;

c.      Consultants or experts and their staff who are employed for the purposes of this litigation, provided that the provisions of Paragraph 3.3 of this Order are complied with prior to any disclosure of any Designated Material to such an expert or consultant;

d.      The Court and the Court's staff pursuant to Paragraph 3.4 of this Order;

e.      Attorneys for the parties to this litigation and/or the insurance carriers for the parties to the litigation, including persons working solely in secretarial, clerical, and paralegal capacities, and who are providing assistance to counsel in this action, and/or claims representatives and/or claims adjustors, upon the condition that such Designated Documents not be used in policy issuance determinations and be immediately destroyed by the insurance carriers upon completion of the instant litigation;

f.      Third-parties specifically retained to assist outside counsel in copying, imaging, and/or coding of documents but for that purpose only, provided that all such confidential documents are kept and maintained in a separate and secure place and that the third party retained to copy, image, or code confidential documents is not currently performing any services, either as an employee, consultant, or otherwise for any competitor of either party to this action or for one having any interest adverse to either party to this action;

g.      The author, addressees and recipients of the documents or any person who would have had access to such information by virtue of his/her employment; and,

h.      Any other person as to whom the parties previously agree in writing. Such disclosures are authorized only to the extent necessary to prosecute or defend

this litigation.

**3.2    Procedure.** Except for persons described in Paragraph 3.1.a, 3.1.b, 3.1.d, or 3.1.e of this Order, all persons to whom Designated Material is disclosed or by whom Designated Material is used, including parties, non-parties, and their representatives, shall be informed of and agree to be bound by the terms of this Order and shall take all necessary precautions to prevent any disclosure or use of Designated Material other than as authorized by this Order.

a.    Prior to disclosing Designated Material to any person, other than persons described in Paragraph 3.1.a, 3.1.b, 3.1.d, or 3.1.e of this Order, the disclosing party shall obtain from such person a "Written Assurance" acknowledgement (Attachment "A"), that such person has reviewed a copy of this Order and any subsequent Protective Order issued by the Court, will comply with their terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute about whether such person has complied with the terms of this Order and any subsequent Protective Order issued by the Court. In addition, prior to dissemination by a receiving party, or its counsel of record, of any Designated Material to any person, other than persons described in Paragraph 3.1.a, 3.1.b, 3.1.d, or 3.1.e of this Order, the disseminating party shall obtain and maintain a copy of this acknowledgement evidencing that such person has executed the undertaking.

b.    Individuals who are authorized to review Designated Material pursuant to this Order shall hold the Designated Material and its contents in confidence and shall not divulge the Designated Material or its contents, either verbally or in writing, except as expressly permitted by this Order, unless authorized to do so by a further Order of this Court or as specifically required by law.

**3.3    Unauthorized Disclosures.** In the event of disclosure of material designated as CONFIDENTIAL, other than as authorized in this Order, counsel for

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

the party responsible for the disclosure shall notify all parties of all pertinent facts, and shall make every effort to prevent further disclosure, including retrieving disclosed materials and copies of such materials and having unauthorized persons to whom disclosure was made sign a "Written Assurance" acknowledgement (Attachment "A"). Upon written stipulation, in accordance with Local Rule 37, the Court may order such further and additional relief as it deems necessary and just.

      **3.4    Court Filings.** The parties acknowledge the procedures for filing under seal outlined by Local Rule 79-5.1. If Confidential Material, including any portion of a deposition transcript designated as CONFIDENTIAL is included in any of the papers to be filed with the Court, the Confidential Material or any portions of the pleadings which contain Confidential Material shall be labeled "Confidential – Subject to Court Order," shall be lodged under seal, and shall be accompanied by a written application and proposed order to file the Confidential Material under seal to the judge to whom the papers are directed, until further order of the Court. Each submission to be lodged under seal is to be filed on a document by document basis, allowing the Court the opportunity to determine whether the standard for filing material under seal has been satisfied. The proposed order shall address both the sealing of the application and the order itself. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope, with the authority for the under-seal filings, if authorized by statute or rule, appearing on the title page of the proposed filing Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall be electronically filed identifying materials being manually filed. The parties agree that exhibits provided to any jury empanelled in this proceeding shall be provided without the "CONFIDENTIAL" stamp.

BENT CARYL &
KROLL, LLP
ATTORNEYS AT LAW

**4.     HANDLING DURING TRIAL.** CONFIDENTIAL information which is subject to this order may be marked and used as trial exhibits by either party, subject to terms and conditions as imposed by the trial court upon application by the designating party.

**5.     HANDLING AFTER TRIAL.** This Order shall survive the final termination of this action and shall protect all retained materials that have remained confidential through final termination of the case. Upon final termination of this case, counsel for the parties may each retain one copy of the pleadings, transcripts of any hearings or trials, transcripts of depositions, and exhibits from any hearings, trials or depositions. Counsel shall destroy or assemble and return to each other materials designated as confidential and all copies or summaries thereof.

**6.     RESTRICTIONS.** Nothing herein shall impose any restriction on the use or disclosure by a party of material: (1) obtained lawfully by a party hereto other than through discovery in this action, from a person who, to the best of such party's knowledge, was not at the time such materials were obtained by such party under a duty (contractual or otherwise) to maintain such materials in confidence; (2) that is public knowledge or became public knowledge after disclosure under this Order (other than through an act or omission or a person receiving material under this Order).

**7.     OTHER REQUESTS.** The Order shall be without prejudice to the right of any party: (i) to request re-designation of material as Confidential or otherwise; (ii) upon written stipulation, in accordance with Local Rule 37, to request the Court's ruling on whether a document or information is Confidential or whether its use should be restricted; (iii) to present a motion to the Court under FRCP 26(c) for a separate protective order as to any document or information, including restrictions differing from those specified herein. The Order shall not be deemed to prejudice the parties in any way in any future application for

modification of this Order.

     **8.**    **CUSTODY.** Recipients of material under this Order shall maintain such material secured and shall exercise the same standard of care with respect to storage, custody, use and dissemination of the material as they exercise for their own proprietary information, but in no event shall the standard be less than that of a reasonable person.

     This order shall be binding on the parties when signed regardless of whether and when this Court endorses this Order.

     **IT IS SO STIPULATED.**

Dated:  May 9, 2014               LAW OFFICES OF KYLE J. SCOTT, PLC

                     By: */s/ Kyle J. Scott*
                     Kyle J. Scott
                     Attorneys for Plaintiff and Cross-Defendant SUONG N. DANG

Dated:  May 9, 2014               BENT CARYL & KROLL, LLP

                     By: */s/ Steven M. Kroll*
                     Steven M. Kroll
                     Attorneys for Defendant and Cross-Complainant SMG

     **IT IS SO ORDERED.**

Dated: May 13, 2014                             

                     U.S. Magistrate Judge

BENT CARYL & KROLL, LLP
ATTORNEYS AT LAW

## ATTACHMENT "A"

## WRITTEN ASSURANCE

I, _____ (print name),

reside at _____

(insert address).  I am employed by _____(insert employer),

with a business address of _____

(insert address).

I have read and understand the Stipulated Protective Order filed in the case of *Suong N. Dang v. SMG, et al.*, United States District Court, Central District of California, Case No. EDCV 13-01744-FMO(SPx). I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I will not divulge Confidential Material (as defined in the Stipulated Protective Order) to persons other than those specifically authorized by the Stipulated Protective Order. I will not copy or use, except solely for the purpose of this litigation, any information protected by the Stipulated Protective Order except as expressly permitted by the Court.

Executed at _____, _____ (insert city and state), this _____ day of _____, 20___.

_____
Signature

Bent Caryl &
Kroll, LLP
Attorneys At Law

- 11 -

JOINT STIPULATION AND [PROPOSED] ORDER

# PROOF OF SERVICE

I, Steven M. Kroll, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 6300 Wilshire Boulevard, Suite 1415, Los Angeles, California 90048. On May 9, 2014, I served a copy of the within document(s):

**JOINT STIPULATION FOR PROTECTIVE ORDER; AND [PROPOSED] ORDER**

X   by electronically serving and filing them using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below United States mail at Los Angeles, California addressed as set forth below.

Kyle J. Scott, Esq.
Law Offices of Kyle J. Scott, PLC
4590 MacArthur Boulevard, Suite 220
Newport Beach, California 92660
Telephone: (949) 757-0957
Facsimile: (949) 757-0958
*Attorneys for Plaintiff and Cross-*
*Defendant Suong N. Dang*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 9 , 2014, at Los Angeles, California.

_____
Steven M. Kroll